966 So.2d 872 (2007)
Anita Williams SIMPSON, Appellant
v.
The ESTATE of Robert Joshua WILLIAMS, II, Deceased, and Deborah Williams Avery, Administratrix, Appellees.
No. 2006-CA-00670-COA.
Court of Appeals of Mississippi.
October 16, 2007.
Troy A. McFarland, attorney for appellant.
James L. Gray, Picayune, attorney for appellees.
Before MYERS, P.J., BARNES and ROBERTS, JJ.
MYERS, P.J., for the Court.
¶ 1. At issue in this case is whether the Chancery Court of Pearl River County erred in finding that certain funds belonged to the Estate of Robert Joshua Williams, II (R.J. Williams). The chancellor found that Anita Williams Simpson voluntarily and freely relinquished her entitlement to the decedent's bank account funds when she executed a release of the funds and agreed to transfer the funds to the estate. Finding no error in the decision of the chancellor, we affirm.

*873 DISCUSSION
¶ 2. R.J. Williams died testate on June 9, 1996, leaving four children as his heirs-at-law, including Anita Simpson. Williams left, amongst other monies, a bank account which held $63,714.61. Simpson was listed as the beneficiary of this account. In September of 1996, the children met regarding Williams' aforementioned bank account. At this meeting, each of the heirs executed an agreement, releasing any right, title, and interest they may have to the funds in the bank account and transferring the funds to Williams' estate account.
¶ 3. Three years later, Simpson petitioned the Pearl River Chancery Court, requesting that she be awarded the funds of the bank account. Simpson argued to the lower court that the only reason she agreed to execute the release and transfer the funds of the bank account to the estate was because she was advised such a transfer was necessary for tax purposes. At the hearing on the matter, the executed release agreement was introduced into evidence. Testimony was taken from several witnesses, including Simpson. Simpson testified that she was unaware that she was listed as the beneficiary to the bank account funds before she signed the release form, and did not understand the extent of her waiver upon execution of the release agreement. Further testimony adduced that Simpson was in the midst of a divorce and a lien had been imposed against any proceeds that she would receive from the estate.
¶ 4. The chancery court declined to award the funds to Simpson, finding that the funds became the property of the estate when they were deposited into the account owned by the estate, following Simpson's execution of the release agreement. While the chancellor noted that the transaction in which Simpson released her right to the funds was puzzling, the court found no fraud or coercion was involved in the execution of the release agreement, and thus, the release agreement was a valid waiver. Because the release agreement served as a valid waiver of the rights to the bank account funds, the funds belonged to the estate and the chancellor declined to award Simpson the relief she sought. Aggrieved, Simpson appeals, seeking review of whether the lower court erred in failing to first determine whether the funds belonged to Simpson prior to the transfer of the funds to the estate account.
¶ 5. We review a chancellor's decision under a limited standard of review. McNeil v. Hester, 753 So.2d 1057, 1063(¶ 21) (Miss.2000). "[T]he chancellor's findings will be upheld unless those findings are clearly erroneous or an erroneous legal standard was applied." Hodges v. Hodges, 807 So.2d 438, 442(¶ 14) (Miss. 2002).
¶ 6. Simpson signed a valid release relinquishing any and all right, title, and interest in and to the bank account funds. While Simpson argued that she was unaware that the agreement she signed released the funds to be deposited into the estate account, the judge found that her acts were her own, and that she was responsible for them. Because the trial judge determined that Simpson released her right and title to the bank account funds before they were transferred into the estate account, the court was under no obligation to make a determination that prior to the transfer, the funds belonged to Simpson. Considering the proof and evidence introduced at the hearing, we can find no error in the decision of the chancery court. Therefore, we affirm.
¶ 7. THE JUDGMENT OF THE CHANCERY COURT OF PEARL RIVER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*874 KING, C.J., LEE, P.J., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.